## THE CARIBBEAN.

No. 1398.

District Court, S. D. Texas.

Aug. 4, 1930.

W. E. Price, of Galveston, Tex., for libelants.

Jas. B. & Chas. J. Stubbs, of Galveston, Tex., for claimants.

HUTCHESON, District Judge.

In this case libelants sue for the penalty of two days' pay for each day they have waited for their pay since the termination of the agreement under which they were shipped, under Rev. St. § 4529 (46 USCA § 596).

The facts are that on the 10th of January, 1930, the libelants, together with others not parties to this libel, signed shipping articles before the United States Shipping Commissioner at Cristobal, Canal Zone, to serve on the American dredge Caribbean for a voyage from the port of Cristobal, Canal Zone, to "Puerto Obregon, Vera Cruz and thence to a port in the United States for discharge on the Atlantic coast as the master may direct, and back to a final port of discharge in the United States for a term of time not exceeding two calendar months."

The ship left Cristobal on January 11 with three hundred tons of coal. The coal having given out and the ship having been unable to get any, put in at Puerto, Mexico, where it stayed for several months endeavoring to get coal, finally having to have a supply shipped from New Orleans.

Before the expiration of the two months, when it became apparent that the voyage would be extended beyond that time, the master of the Caribbean, Harold K. Smoot, voluntarily offered to pay the libelants the wages they had earned, and give them transportation back to Cristobal by a vessel which was then available. The libelants refused this offer, and expressed a willingness to continue the employment and complete the voyage.

There was some testimony to the effect that some of the libelants had later agreed to be sent back to Cristobal, but the evidence shows without dispute that at no time did the men declare the contract terminated, and demand their pay as upon termination. It shows, on the contrary, that the men all agreed to stay with the ship throughout the extended term, something like two months; that they were paid their wages regularly, and there is no evidence that, at any time when wages were due, the master refused to pay.

The case is one in which the original contract was not complied with, but the failure to comply with it was no fault of the ship's, nor did the ship treat the men in any way except most considerately. Their contract gave them no right to be conveyed back to Cristobal, and the ship was not liable for it.

The case is one in which libelants, instead of going on a two months' voyage, took a four months' voyage. They were paid in full every dollar that they earned and without any delay, the evidence showing that they were allowed to draw from time to time as they needed it. The fact that they were compelled to pay out money to return to Cristobal cannot be imputed as fault to the ship, because under the terms of the contract the same condition would have been met by the men had the journey been completed in two months.

Finding no fault with the parties respondent, the libel will be dismissed, with costs.